**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ERICK DANY ALFARO-PACHECO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN DELANEY HALL DETENTION FACILITY, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-13793 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Erick Dany Alfaro-Pacheco, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, located in New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Peru who entered the United States in 2023. (ECF No. 1 ¶¶ 1-2).

3. He was detained at the border and processed for expedited removal. (ECF No. 6-1 at 3).

4. On April 25, 2023, an asylum officer concluded that Petitioner had established a credible fear of persecution. (ECF No. 6-4 at 5-6).

5. The expedited removal order was vacated, and Petitioner was issued a Notice to Appear ("NTA") for removal proceedings. (ECF No. 6-5 at 2 (citing 8 C.F.R. § 208.30)). The NTA identified Petitioner as a noncitizen "present in the United States who has not been admitted or paroled." (*Id.*)

6. Petitioner was released on parole on April 29, 2023. (ECF No. 7-1 at 2).

7. ICE detained Petitioner on October 13, 2026. (ECF No. 1 ¶ 4).

8. ICE made an initial custody determination concluding that petitioner was detained pursuant to 8 U.S.C. § 1226(a) and could be released on $7,500 bond. (ECF No. 6-7 at 2). Petitioner requested review by an immigration judge but refused to sign the form. (*Id.*)

9. Petitioner attempted to pay the bond on October 19, 2026 but ICE refused to accept payment "because ICE determined he was not, in fact, eligible for bond." (ECF No. 6 at 2). "[] ICE has advised that Petitioner's Form I-286 was cancelled after determining that Petitioner was subject to detention under 8 U.S.C. § 1225(b)(1) and, therefore, not subject to the provisions of § 1226." (*Id.*; *see also* ECF No. 6-8 at 2-4 (citing 8 C.F.R. § 236.1(g)(2))).

10. Respondents argue that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he is a noncitizen who "was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) had a credible-fear screener interview for an asylum claim after which an asylum officer found he had a credible fear of persecution should he be returned to his home country." (ECF No. 6 at 2).

11. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

12. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G.*

*G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

13. This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226.[1]

14. The 2023 NTA specifically identified Petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled." (ECF No. 6-5 at 2 (emphasis added)). "That language aligns with § 1226(a), not § 1225(b)(1)." *Dabre v. Soto*, No. 26-cv-2142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026).

15. Therefore, it seems from the record that ICE "has consistently treated [Petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents' claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-84 (S.D.N.Y. 2025) (emphasis in original).

16. At the conclusion of his parole, Petitioner was "restored to the status that [he] had at the time of parole," 8 C.F.R. § 212.5(e)(2), *i.e.,* a noncitizen already present in the county.

17. Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(1) violates the laws of the United States and Petitioner's Due Process rights. Therefore, this Court will grant the Petition and order Respondents to reinstate the bond order.[2]

---

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

[2] ICE cited 8 C.F.R. § 236.1(g)(2) when cancelling Petitioner's bond order. (ECF No. 6-5 at 2). That provision states that "[i]f after the issuance of a notice of custody determination, a determination is made not to serve it, any official authorized to issue such notice may authorize its cancellation." According to the form, Petitioner was presented with the form on October 13,

18. An appropriate order follows.

s/ Susan D. Wigenton

Hon. Susan D. Wigenton,
United States District Judge
November 18, 2026

2026. (ECF No. 5-3). As the notice of custody determination was served on Petitioner, 8 C.F.R. § 236.1(g)(2) does not authorize its cancellation.